. IIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sueann and Raymond Sweatman, | ) | C/A No. 3:19-cv-02745-SAL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Coloplast Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on a motion for discovery filed by Plaintiffs Sueann and Raymond Sweatman ("Plaintiffs"). For the reasons set forth below, the court denies Plaintiffs' motion.

## BACKGROUND

Plaintiffs filed this action on August 25, 2015, seeking damages related to Ms. Sweatman's implantation with Defendant's Air-Transobturator Sling System. The case was filed as part of the *In re Coloplast Pelvic Support Systems Products Liability Litigation MDL* in the Southern District of West Virginia. On October 31, 2018, the MDL judge issued a pretrial order renewing certain cases, including the above-captioned case, to the active docket and setting a scheduling order. [ECF No. 94-2; *see also* ECF No. 13.] The scheduling order specifically outlined April 29, 2019, as the "[d]eposition deadline and close of discovery." *Id.* at p.3; *id.* ("The last date to complete depositions shall be the 'discovery completion date' by which all discovery shall be completed." *Id.* The MDL judge would "consider modifications to [these] limitations only upon good cause shown." *Id.* at p.4. Plaintiffs did not notice the deposition of, nor did they depose, the implanting physician, Dr. David Lamb on or before April 29, 2019.

1

On August 14, 2019, Plaintiffs moved before the MDL judge for leave to substitute an expert witness. [ECF No. 45.] Notably, Plaintiffs did not seek leave to depose Dr. David Lamb at that time. On September 12, 2019, the MDL judge granted Plaintiffs the requested leave to substitute an expert. [ECF No. 47.] The same day, the MDL judge issued a transfer order, transferring the case to this court on September 26, 2019. [ECF No. 48.] The transfer order notes that "the time to conduct discovery is complete in these cases." *Id.* at p.1.

Following the transfer, the parties jointly submitted a status report, outlining three outstanding issues: (1) scope of parameters of discovery related to the substitution of the Plaintiffs' expert witness; (2) Plaintiffs' request to reopen fact discovery to depose the implanting physician; and (3) re-briefing *Daubert* motions. [ECF No. 79.] The court held a telephone status conference on February 19, 2020. [ECF No. 88.] In the corresponding minute entry, the court requested that the parties confer on a schedule for the remainder of the case, including a deadline for service of expert disclosures and re-briefing of motions, if the parties agreed to the same. [ECF No. 89.]

On March 4, 2020, the parties jointly submitted a proposed amended schedule, but informed the court that they could not come to an agreement on "one issue: . . . whether fact discovery is currently open or closed." [ECF No. 91.] By text order dated March 9, 2020, Plaintiffs were granted leave to file a motion for leave to reopen discovery for the "limited purpose of deposing the implanting physician," but needed to outline "why good cause exists to reopen discovery in this case." [ECF No. 93.] Plaintiffs filed their motion on March 19, 2020, ECF No. 94, Defendant responded on April 2, 2020, ECF No. 96, and Plaintiffs replied, ECF No. 97. Accordingly, the matter is ripe for a decision by this court.

2

**LEGAL STANDARD**

"Rule 16 was drafted to prevent parties from disregarding the agreed-upon course of litigation." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). Thus, "[a] [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also McMillan v. Cumberland Cnty. Bd. of Ed.*, 734 F. App'x 836, 845 (4th Cir. 2018) ("Once a district court enters a scheduling order it may be modified only for good cause."). Reopening discovery, accordingly, requires a showing of good cause. *See, e.g., Vagish LLC v. Seneca Specialty Ins. Co.*, No. 3:13-3161, 2016 WL 7638133, at *1 (D.S.C. Feb. 5, 2016) (considering motion to reopen discovery under good cause standard in Rule 16).

"What constitutes good cause ... necessarily varies with the circumstances of each case." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.2 (3d ed. 2010). The Fourth Circuit Court of Appeals has held that "[g]ood cause requires the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *McMillan*, 734 F. App'x at 846 (citing *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (unpublished opinion) (citations omitted)). The "primary consideration . . . in [determin]ing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence." *Yoo v. BMW Manufacturing Co., LLC*, No. 7:17-cv-3499, 2019 WL 1416882, at *4 (D.S.C. Mar. 29, 2019) (citing *Reyazuddin v. Montgomery Cnty., Md.*, NO. 11-0951, 2012 WL 642838, at *3 (D. Md. Feb. 27, 2012)); *see also Faulconer v. Centra Health, Inc.*, No. 18-1661, 2020 WL 1685790, at *3 (4th Cir. Apr. 7, 2020) ("[T]he 'touchstone' of that good cause requirement is 'diligence.'"). "Lack of diligence and carelessness are the

3

'hallmarks of failure to meet the good cause standard.'" *Yoo*, 2019 WL 1416882, at *4 (citing *W. Va. Hous. Dev. Fund v. Ocwen Tech. Exchange, Inc*., 200 F.R.D. 564, 567 (S.D. W. Va. 2001)). And, "if the movant has not been diligent in meeting the scheduling order's deadlines, then other factors—including the presence or absence of prejudice to the other party—generally will not be considered." *Faulconer*, 2020 WL 1685790, at *3 (citing *Kmak v. Am. Century Cos., Inc*., 873 F.3d 1030, 1034 (8th Cir. 2017)).

## DISCUSSION

The court is unable to find that Plaintiffs acted diligently in seeking to depose Dr. David Lamb in advance of the April 29, 2019 discovery deadline. As a result, the court finds that good cause does not exist to reopen discovery in this matter.

At the outset, the court finds that the proper standard to evaluate Plaintiffs' motion is the good cause standard in Rule 16, FRCP, not the excusable neglect standard in Rule 6, FRCP. [*See* ECF No. 94 (seeking application of excusable neglect standard).] The MDL judge issued a scheduling order setting a specific deadline for completion of depositions—April 29, 2019. That "scheduling order [was] not a frivolous piece of paper, idly entered, which [could] be cavalierly disregarded by counsel without peril." *Dilmar*, 986 F. Supp. at 980 (citing *Jordan v. E.I. du Pont de Nemours*, 867 F. Supp. 1238, 1250 (D.S.C. 1994)). Any change to that schedule, including the reopening of discovery to take a deposition, requires "good cause" and the "judge's consent." Fed. R. Civ. P. 16(b)(4). Accordingly, to the extent Plaintiffs ask the court to reopen discovery based on excusable neglect, the request is denied.

Turning to the good cause standard, the court finds that it cannot "focus on the bad faith of the movant, or the prejudice to the opposing party." *Dilmar*, 986 F. Supp. at 980. Instead, the court must consider "the diligence of the party seeking leave to modify the scheduling order," *id.*, and

determine whether Plaintiffs have met their burden of showing that the deadline could not reasonably be met despite their efforts. *McMillan*, 734 F. App'x at 846. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Dilmar*, 986 F. Supp. at 970. In this case, Plaintiffs contend that it was due to the witness's lack of responsiveness that resulted in their being unable to comply with the April 29, 2019 deadline for depositions. [ECF No. 94-1 at ¶ 2.] With respect to the efforts to contact the witness, it seems Plaintiffs attempted to call the witness several times, but were unable to reach him and, eventually, the number was disconnected. [ECF No. 94-3.] "Recently," Plaintiffs learned that the witness was "changing practices in March of 2019," and Plaintiffs contend that is why their calls went unanswered. *Id.* at ¶ 8. Even construing these allegations in Plaintiffs' favor, the court cannot find that these efforts were diligent. At best, Plaintiffs attempted to contact the witness by telephone in March 2019—one month prior to the April 29, 2019 deadline.

Moreover, Plaintiffs fail to offer any explanation for why they did not attempt contact with the witness prior to March 2019. The MDL judge's scheduling order was in place since October 2018. Thus, Plaintiffs were on notice of the requirement to complete all depositions by April 29, 2019, six months in advance of the deadline. [ECF No. 13.] Waiting until the month before to contact the witness and voluntarily appear for a deposition appears to be a quintessential example of "parties wait[ing] until the last minute to comply with a deadline." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). In such cases, "they are playing with fire." *Id.*

Consideration of Plaintiffs' request for relief to substitute the expert witness similarly persuades the court that Plaintiffs were not diligent in their discovery efforts. As noted above, prior to the transfer order, Plaintiffs filed a motion seeking leave to substitute their expert witness. [ECF No. 45.] The basis of that motion was good cause. Naturally then, Plaintiffs could have also

5

sought to reopen discovery to depose Dr. David Lamb. They did not. The motion before this court[1] seems like an attempt at a "second bite of the apple," which is exactly what the MDL schedule sought to avoid. [ECF No. 13 at p.2.]

Finally, the court notes that this is not a situation where Plaintiffs were unaware of the witness until after the passing of the discovery deadline. It is similarly not a situation where the opposing party failed to provide information that would have informed Plaintiffs as to the value of the testimony. Plaintiffs knew of Dr. David Lamb's involvement in this matter since the filing of the lawsuit. Their own briefing confirms that Dr. David Lamb is the "physician who performed the implant surgery of Ms. Sweatman's Coloplast transvaginal mesh device—the surgery that lies at the heart of this lawsuit." [ECF No. 97.] Accordingly, the court is unable to find that merely calling the witness on several occasions one month prior to the expiration of the discovery deadline and then waiting another seven months to raise the issue for the first time, amounts to "diligence." Instead, the court finds that it is more akin to "carelessness," which is a "hallmark[] of failure to meet the good cause standard." *Yoo*, 2019 WL 1416882, at *4 (citation omitted).

## CONCLUSION

For the foregoing reasons, Plaintiffs Sueann and Raymond Sweatman's Motion for Discovery, ECF No. 94, is **DENIED**.

---

[1] The issue of deposing the implanting physician arose for the first time in the December 9, 2019 joint status report—almost seven months after the deadline passed. [ECF No. 79.] Therein, Plaintiffs made a vague reference to "unique circumstances" surrounding their inability to "depose Ms. Sweatman's implanting surgeon within the confines of the limited time frame provided in the MDL Court's scheduling order." [ECF No. 79.] Presumably, the "unique circumstances" involved are Plaintiffs' inability to reach Dr. David Lamb in March 2019, and his transition to a new practice. For the reasons outlined, the court finds that a lack of diligence in seeking out a witness in advance of the scheduling order deadline and the foreseen consequences of that failure do not amount to "unique circumstances."

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

May 5, 2020
Florence, South Carolina

7